In the Matter of the Claim of THOMAS COULTER, Respondent, against NASSAU-SUFFOLK B & M CORP. and BANKERS INDEMNITY INSURANCE COMPANY, Appellants. STATE INDUSTRIAL BOARD, Respondent.— Claimant was required to be on the employer's premises twenty-four hours a day as a janitor. He was injured while walking through the cellar on the way to the bath room. Employer's statement admits that the injury was received while claimant was engaged in his occupation as janitor. Award unanimously affirmed, with costs to the State Industrial Board. Present — Hill, P. J., Crapser, Bliss, Schenck and Foster, JJ.

In the Matter of the Claim of FULTON EDWARDS, Respondent, against 76 WEST 86TH STREET CORPORATION and BANKERS INDEMNITY INSURANCE COMPANY, Appellants. STATE INDUSTRIAL BOARD, Respondent.— Claimant was awarded compensation for 100 per cent permanent loss of use of right eye. The sole question presented for review is whether the evidence sustains the finding of 100 per cent permanent loss of vision of the eye resulted from the accident of March 26, 1937. The evidence shows that claimant's vision in the injured eye was fairly good before the accident in question and as a result of the accident his eye had to be removed. Award unanimously affirmed, with costs to the State Industrial Board. Present — Hill, P. J., Crapser, Bliss, Schenck and Foster, JJ.

In the Matter of the Claim of REGINA CELESTE DIMINO, Respondent, against INDEPENDENT WAREHOUSES, INC., Self-Insured Employer, Appellant. STATE INDUSTRIAL BOARD, Respondent.— Appeal by a self-insured employer from an award of death benefits made by the State Industrial Board to the widow and child of a deceased employee, and from an award of disability compensation due the deceased employee at the time of his death. Decedent was employed as a pier superintendent and received fatal injuries while on board a ship anchored at a pier in the navigable waters of New York harbor. Awards reversed and claims dismissed on the ground that the decedent was engaged in a maritime service on navigable waters at the time of his injuries and that the State Industrial Board had no jurisdiction. Hill, P. J., Bliss, Schenck and Foster, JJ., concur; Crapser, J., dissents and votes to affirm the award on the ground that claimant was a shore worker and the work being done when injured was incidental to such employment.